NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RACHEL DEDE, *Petitioner/Appellee,*

*v.*

CHRISTOPHER DEDE, *Respondent/Appellant.*

No. 1 CA-CV 22-0174 FC

FILED 12-13-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-053699
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Davis Miles McGuire Gardner, Tempe
By Douglas C. Gardner, Michael D. Girgenti
*Counsel for Respondent/Appellant*

Hoffman Legal LLC, Phoenix
By Amy M. Hoffman
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1 Christopher Dede ("Husband") appeals from the superior court's decree of dissolution. He argues the court erred in ordering him to pay Rachel Dede ("Wife") half of the fair market rental value of the marital residence for the months he lived there after she moved out. For reasons that follow, we vacate the court's ruling ordering that payment and remand for further proceedings. We affirm the remainder of the decree.

## BACKGROUND

¶2 The parties were married in June 2005 and have two minor children. In December 2020, Wife petitioned for dissolution of the marriage. The parties continued to reside together in the marital residence until Wife and the children moved out on March 28, 2021. In July 2021, Husband filed a request that Wife pay her share of the mortgage. In its temporary orders, the court declined to rule on the request because discovery was incomplete.

¶3 In her pretrial statement, Wife asserted that because Husband unreasonably refused to list the home for sale, he was not entitled to reimbursement for mortgage payments, and he should remain responsible for any further payments until it was sold. But if the court ordered her to reimburse him for mortgage payments, Wife requested payment for half of the "fair market rent" for the months he remained in the home. Wife asserted that her research indicated a rental value of least $2,500 per month. In Husband's pretrial statement, he asserted that Wife should be equally responsible for payment of the mortgage payments, and he "denied" her request for payment of fair market rent. Although he "would have loved" to sell the home earlier, he explained that the residence was located 45 miles from where he worked and knowing the parenting-time schedule was critical in determining where he would ultimately move.

¶4 After a trial, the superior court issued its decree of dissolution. The court granted Husband's claim for reimbursement for mortgage

payments made since April 2021, finding Wife liable to him for $521.50 per month. The court also granted Wife's claim for half of the fair market rent for each month Husband occupied the residence after April 2021. Using $2,500 as the fair market rent amount, Husband's "liability" for lost rent totaled $1,250 per month. Calculating the difference between the competing reimbursement awards, the resulting order obligated Husband to pay Wife $728.50 per month "from April 2021 forward."

¶5        Husband timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1). After Husband filed his opening brief, this court issued its opinion in *Ferrill v. Ferrill*, 253 Ariz. 393 (App. 2022), which directly impacts the issues presented in this appeal. *See Hartford Accident & Indem. Co. v. Aetna Cas. & Sur. Co.*, 164 Ariz. 286, 293 (1990) ("Unless the court specifies otherwise, Arizona appellate opinions in civil cases are given both prospective and retroactive effect."). Both parties had the opportunity to address *Ferrill* in their subsequent briefs.

## DISCUSSION

¶6        When dividing property in a dissolution proceeding, a court "shall assign each spouse's sole and separate property to such spouse" and shall "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind." A.R.S. § 25-318(A). We will not disturb the superior court's allocation of individual assets and liabilities absent an abuse of discretion. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010).

¶7        "[W]hen a party voluntarily makes post-service payments toward community debt with separate funds, the superior court must account for the payments in its equitable property distribution." *Ferrill*, 253 Ariz. at 396, ¶ 10. A claim for reimbursement exists even if the paying spouse continues to occupy the home post-service. *Id*. at ¶ 11. The spouse seeking reimbursement "must prove that he or she made payments toward maintaining or improving the community property with separate funds." *Id*. at 397, ¶ 13.

¶8        In contrast, "[o]uster is a defense to a reimbursement claim." *Id*. at ¶ 14. A court has discretion to offset a reimbursement order *if* the occupying spouse ousted the other. *Id*. at 395, ¶ 2. A party seeking an offset against a reimbursement order bears the burden of proving ouster and the reasonable, fair market rental value of the marital home. *Id*. at 398, ¶ 20. If ouster is proven, the leaving spouse is entitled to an offset of up to one-half the reasonable, fair market rental value of the home. *Id*. at 396, ¶ 11.

"[W]hether an ouster has occurred turns on the facts of each case." *Id*. at 398, ¶ 17. A court may consider the nature of the divorce and any evidence that one spouse possessed the property with the intent to occupy it in a way that excluded or denied the rights of the other. *See id.* at ¶ 18. A spouse can prove ouster through any facts establishing that the occupying spouse "'has claimed as an individual more than his due.'" *Id.* at 397, ¶ 14.

**¶9** Husband argues the superior court abused its discretion by awarding Wife a reimbursement of $1,250 per month for hypothetical lost rent. In light of *Ferrill*, he construes Wife's request for reimbursement as a demand for an offset, and he argues she has the burden to show she was ousted and to establish the reasonable, fair market rental value of the home. Wife does not argue the court erred in granting Husband's request for reimbursement. Instead, she contends the record supports a finding of ouster as well as the rental value of the home.

**¶10** Wife presented evidence that she felt forced to leave the home so she could protect the children from Husband's continuous verbal abuse, which made cohabitating unbearable. She also asserted she was unable to return to the home to collect personal property because Husband had changed the locks and denied her reentry, but she did not explain when that occurred. After she left with the children, Husband continued to reside in the home through the pendency of the proceedings. He initially agreed to list the home for sale, but his position changed as the proceedings unfolded.

**¶11** Given that *Ferrill* was decided after the superior court issued its decree, the court did not consider whether Wife was ousted from the marital residence. *Id*. at 398, ¶ 17 (ouster must be decided on the facts of each case). Accordingly, we vacate the ruling ordering Husband to pay Wife for the fair rental value. On remand, Wife should have the opportunity to prove that she was entitled to an offset against Husband's reimbursement claim. If Wife meets her burden of showing ouster, including the specific timeframe when the ouster occurred, she must also establish the "reasonable, fair market rental value" of the home during that time. *Id*. at ¶¶ 20–21. In its discretion, the court may allow the parties to present additional evidence on either issue.

**¶12** Father also argues the superior court's "award of lost rent must be analyzed on its own merits as a standalone claim," and he questions the legal authority Wife relies on. In the superior court and on appeal, she has cited *In re Marriage of Pownall*, 197 Ariz. 577 (App. 2000), in support of her request to hold Father liable for payment of half the fair

rental value of the residence. In *Pownall*, the husband paid the mortgage on the marital residence (his separate property), while wife lived there alone, rent free. *Id*. at 582–83, ¶¶ 23–24. We remanded for a determination of the community's interest in the residence and directed the court to offset that interest by the rental value the wife received. *Id*. at ¶ 24.

**¶13** *Pownall* did not involve ouster from a jointly-owned property and nothing in this court's analysis supports Wife's broad request for half of fair market rental value of the marital residence while Husband lived there. Other than her reliance on *Pownall*, Wife cites no authority indicating that a spouse may pursue an independent claim for the fair rental value of a community asset. Her claim, at least on the record before us, is based on ouster, which permits her to request an *offset* against Father's claim for reimbursement of the mortgage payments. *Ferrill*, 253 Ariz. at 395, ¶ 2. An offset, or setoff, is something "that balances or compensates for something else," such as when a debtor establishes an offset to a creditor's claim. *Offset*, Black's Law Dictionary (11th ed. 2019). But Wife's request was for an amount substantially higher than what she was being ordered to pay, resulting in Husband owing her $728.50 per month. She has failed to provide any persuasive legal justification to support her claim for fair rental value in excess of Husband's reimbursement claim. On remand, the court shall consider whether Wife is entitled to an offset *up to* the amount of Husband's claim.

## CONCLUSION

**¶14** We vacate the portion of the decree granting Wife an offset against Husband's reimbursement claim and ordering him to pay her $728.50 per month as the fair market rental value of the marital residence, and we remand for proceedings consistent with this decision. We affirm the rest of the decree. After considering the parties' financial resources and the reasonableness of their positions taken on appeal, we deny both requests for attorneys' fees. *See* A.R.S. § 25-324(A). As the successful party on appeal, Husband is awarded taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA